IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ERIC OTTEN** | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No.** |
| **vs.** | § | |
| | § | |
| | § | |
| **TRICAM INDUSTRIES, LLC** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Eric Otten who brings this cause of action against Defendant Tricam Industries, LLC and would respectfully show unto the Court as follows:

## PARTIES

1.      Plaintiff, Eric Otten is an individual who is a citizen of and resides in the state of Texas.

2.      Tricam Industries, LLC is a Limited Liability Company (domestic) incorporated under the laws of the state of Minnesota with its principal place of business at 7677 Equitable Drive, Eden Prairie, MN 55344. Defendant may be served according to the laws of the state of Minnesota by serving its registered agent, Cogency Global, Inc., 525 Park Street, Suite 247, St. Paul, Minnesota 55103, or wherever it may be found.

## JURISDICTION

3.      The court has jurisdiction over this case pursuant under 28 U.S.C. §1332 (a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000 as is required pursuant to the statute.

## VENUE

4.      Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §1391 (b)(2) because a substantial part of the acts, events or omissions giving rise to the claim occurred in the Southern District of Texas. The amount in controversy exceeds $75,000 as is required pursuant to the statute.

## FACTUAL BACKGROUND

5.      On or about July 2, 2025, Plaintiff attempted to insert a flag into the staff holder at the front of his house which is located at 340 Lunker Lane, Hemphill, Texas.

6.      Plaintiff was standing on the incident ladder when the leg collapsed.

7.      The failure of the ladder caused Plaintiff to fall forward during which he suffered serious injuries to his right dominant arm.

8.      Due to the seriousness of the right arm fracture, Plaintiff underwent surgery to repair the fracture.

## CAUSES OF ACTION

9.      Plaintiff brings these claims and request for damages pursuant to Chapter 82 of the C.P.R.C., Texas UCC § 2-313-315, Chapter 41 of the C.P.R.C., and Texas Common Law.

10.     All conditions precedent have been performed or have occurred.

## NEGLIGENCE OF DEFENDANT

11.     Plaintiff would show that the conduct of Defendant, was negligent in one or more of the following acts and/or omissions:

    a.      Failing to design a ladder that would be safe for its intended use;

    b.      Failing to warn the public of the hidden dangers of the ladder;

    c.      Failing to test the product to ensure that they are suitable for its intended purpose; and

d.    Placing the ladder into the stream of commerce when it was not safe for its intended purpose.

12.    Each of these acts and/or omissions, singularly and/or in combination, proximately caused the injuries to Plaintiff.

## STRICT PRODUCTS LIABILITY (§402-A)

13.    Plaintiff incorporates each of the allegations in the preceding paragraphs as set forth in full herein.

14.    As a second cause of action, Plaintiff will show that the occurrence giving rise to this lawsuit was caused by Defendant placing into the stream of commerce an unreasonably dangerous and defective product.

15.    Defendant designed, manufactured, assembled, tested (or failed to test), inspected (or failed to inspect), packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, advertised, promoted, marketed, and sold the product.

16.    The product was unsafe because of the defects in the design, manufacture, testing, labeling, packaging, and marketing.

## STRICT PRODUCTS LIABILITY (§402-B)

17.    Plaintiff incorporates each of the allegations in the preceding paragraphs as if set forth in full herein.

18.    As a third cause of action, Plaintiff will show that Defendant misrepresented that the ladder was safe for its intended use.

19.    The ladder instructions lacked the necessary information for Plaintiff to understand the safe intended use of the product.

20.    Plaintiff relied upon the representations by the Defendant in purchasing the product in question.

## BREACH OF EXPRESS WARRANTY

21.    Plaintiff incorporates each of the allegations in the preceding paragraphs as if set forth in full herein.

22.    As a fourth cause of action, Plaintiff will show that the injuries and damages were caused by the breach of expressed warranties made by the Defendant who placed products into the stream of commerce in violation of their own expressed warranties.

23.    Defendant in placing the products into the stream of commerce utilized advertising media and professional publications to urge the purchase and use of the products and expressly warranted to members of the general public, including Plaintiff, that the products were effective and proper.

24.    Plaintiff relied upon the representations made by the Defendant in the purchase of the product.

## BREACH OF IMPLIED WARRANTY

25.    Plaintiff incorporates each of the allegations in the preceding paragraphs as set forth in full herein.

26.    As a fifth cause of action, Plaintiff will show that the injury suffered by Plaintiff was caused by the breach of implied warranty of merchantability by the Defendant.

27.    Defendant implied to members of the general public, including Plaintiff, that the product was of merchantable quality and safe for the use for which it was intended.

28.    The characteristics referenced above resulted in conditions that rendered the products unfit for the ordinary purpose (Tex. UCC § 2.314 – 2.315) for which they were to be used because of the lack of something necessary for adequacy.

29.     Plaintiff will show that the injury suffered by Plaintiff was caused by the breach of implied warranty of merchantability by the Defendant.

30.     Defendant implied to members of the public, including Plaintiff, that the product was of merchantable quality and safe for the use for which it was intended.

31.     The characteristics mentioned above resulted in a condition that rendered the ladder unfit for the ordinary purpose for which it was to be used because of the lack of something necessary for adequacy.

## GROSS NEGLIGENCE OF DEFENDANT

32.     The negligence of the Defendant was of such a character to make the Defendant guilty of gross negligence and the Defendant should accordingly be held liable.

33.     The conduct of the Defendant was in heedless and reckless disregard of the rights of the Plaintiff and involved such an entire want of care as to indicate that it was a result of conscious indifference to the rights, welfare, and safety of Plaintiff.

## DAMAGES

34.     The negligence of the Defendant proximately caused the injuries and damages made the basis of this suit.

35.     As a proximate result of the injury, Plaintiff endured physical pain and suffering and mental anguish.

36.     As a proximate result of the injury, Plaintiff incurred medical expenses and will have medical expenses in the future.

37.     As a proximate result of the injury, Plaintiff incurred a loss of future earning capacity.

38.     As a proximate result of the injury, Plaintiff endured physical impairment in the past and will do so in the future.

## JURY DEMAND

39.     Plaintiff requests a jury trial.

## PRAYER

40.     Plaintiff prays that Defendant be served with citation and called upon to answer herein and that, upon trial hereof, they have judgment for all their damages together with prejudgment interest on past damages, interest on the judgment, costs of suit, and such other relief to which they may be entitled.

Respectfully submitted,

THE WEYCER LAW FIRM, P.C.

*/s/ Mark A. Weycer*
MARK A. WEYCER
Southern District No. 13552
State Bar No. 21237300
mweycer@weycerlawfirm.com
ELENA R. BUENO
Southern District No. 3552760
State Bar No. 24118342
ebueno@weycerlawfirm.com
4545 Bissonnet St., Suite 294
Bellaire, Texas 77401
Telephone      (713) 668-4545
Facsimile      (713) 668-5115

**ATTORNEYS FOR PLAINTIFF
ERIC OTTEN**